UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEY LEE DAVIS,
      Petitioner,

v.                                  Case No. 8:20-cv-1224-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____

## ORDER

    Davis, a Florida prisoner, timely[1] filed an Amended Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2254. (Doc. 12.) Having considered the amended petition, (*id.*),

and Respondent's response opposing the original petition, (Doc. 9)[2], the amended petition

is denied. Because reasonable jurists would not disagree, a certificate of appealability is also

not warranted.

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). Davis's direct appeal was voluntarily dismissed on April 5, 2018. (Doc. 9-1, Ex. H.) Two days earlier, on April 3, 2018, Davis filed his motion for postconviction relief. (*Id.*, Ex. I, p. 1.) That motion remained pending until the state appellate court's mandate issued on November 22, 2019. (*Id.*, Ex. R.) After 173 days of untolled time passed, Davis filed his original § 2254 petition on May 14, 2020. (Doc. 1.) The Court finds that the amended petition raises claims substantially the same as those raised in the original petition and thus relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

[2] The Court granted Davis's motion to amend and accepted his amended petition. (Doc. 11.) The Court gave Respondent an opportunity to respond to the amended petition, but Respondent did not do so. (*Id.*)

## I.   <u>BACKGROUND</u>

Davis entered a negotiated plea in state court to counts of delivery of oxycodone, possession of alprazolam, possession of hydrocodone, possession of methamphetamine, and possession of morphine. (Doc. 9-1, Exs. B, C & D.) The state trial court sentenced him to 13 years in prison per the plea agreement. (*Id.*, Ex. E.) The state appellate court granted Davis's motion to dismiss his direct appeal. (*Id.*, Exs. G & H.) Davis moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Ex. I.) The state court denied his motion, and the state appellate court per curiam affirmed the denial of relief. (*Id.*, Exs. J & Q.)

## II.   <u>STANDARD OF REVIEW UNDER SECTION 2254</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This section "defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." *Id.* at 404. First, a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.

Second, a decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

3

prisoner's case." *Id.* The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). But the habeas court is "not limited by the particular justifications the state court provided for its reasons, and [it] may consider additional rationales that support the state court's determination." *Jennings v. Secretary, Fla. Dep't of Corr.*, 55 F.4th 1277, 1292 (11th Cir. 2022). When the relevant state-court decision is not accompanied with reasons

for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. The state may "rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

For purposes of § 2254(d)(2), "it is not enough to show that 'reasonable minds reviewing the record might disagree about the finding in question.' " *Brown v. Davenport*, 142 S. Ct. 1510, 1525 (2022) (quotations omitted). "An unreasonable determination of the facts occurs when the direction of the evidence, viewed cumulatively, was too powerful to conclude anything but the petitioners factual claim." *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1355 (11th Cir. 2020) (internal quotation marks and alterations omitted). A state court's findings of fact are presumed correct, and a petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even where a petitioner succeeds in rebutting the presumption, he must show that the state court's decision is "based on" the incorrect factual determination. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022). This is because a state court decision may still be reasonable "even if some of the state court's individual factual findings

were erroneous—so long as the decision, taken as a whole, doesn't constitute an 'unreasonable determination of the facts' and isn't 'based on' any such determination." *Id.* (quoting *Hayes v. Sec'y, Fla. Dep't of Corr.*, 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)).

## III.   STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Davis brings a claim for ineffective assistance of trial counsel under the Sixth Amendment. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Because he entered a plea, to demonstrate prejudice, Davis "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

IV.   <u>ANALYSIS</u>

A. Ground One

Davis argues that trial counsel was ineffective for failing to investigate and discover evidence that would have shown the police falsified documents to arrest him. Davis contends that counsel "attempted to sway" him into taking a plea because she had not had time to fully prepare for trial due to her heavy case load. (Doc. 12, p. 4.) Davis contends that counsel had not read a letter that he wrote about the allegedly falsified basis for his arrest. Davis claims that the letter "placed Counsel on notice" of a viable defense and that further investigation of the letter "would have provided Counsel with ammunition to impeach the State's witnesses at trial and created reasonable doubt as to Petitioner's culpability." (*Id.*, p. 5.) Davis asserts that statements from Detective Dunn and lay witnesses that Davis possessed pills would have "become suspect and seemed less than credible to the jury." (*Id.*) Davis claims that his plea was involuntary because of counsel's alleged failure to prepare for trial.

The state court denied Davis's claim. The state court noted that counsel stated at a July 13, 2017 pretrial hearing that she was ready for trial, "with the caveat" that one witness who was in custody still needed to be deposed. (Doc. 9-1, Ex. J, p. 3.) The state court noted that counsel told the trial court at that hearing that all other depositions had been

completed, and that she anticipated needing one day for trial. (*Id.*) The state court also noted that the depositions were "expeditiously transcribed before trial." (*Id.*, pp. 3-4.)

The state court concluded that Davis "has set forth nothing more than a baseless allegation that defense counsel failed to conduct an adequate pretrial investigation" and the record instead showed that counsel "had deposed witnesses, had the transcripts of those witnesses expeditiously transcribed for trial, and announced to the court her readiness to proceed." (*Id.*, p. 4.) Therefore, the state court concluded that Davis did not establish that counsel was deficient or caused Davis's plea to be involuntary. (*Id.*)

Davis fails to show that the state court unreasonably denied his claim. The record supports the state court's summation of the July 13, 2017 pretrial hearing at which counsel stated that she was prepared to proceed to trial. (*Id.*, doc. pp. 194-206.) And at the change of plea hearing on July 18, 2017, counsel stated that the depositions were transcribed. (Doc. 9-1, Ex. D, p. 27.) Further, at the change of plea hearing, Davis told the state court that counsel did "pretty much" everything he asked her to do, that he could not think of anything he asked her to do that she did not do, and that he had asked her everything he wanted about his case. (*Id.*, p. 30.) The trial court asked Davis if he had discussed all possible defenses and possible witnesses with counsel and Davis said that he had. (*Id.*, pp. 26-27.) Although Davis at one point stated that he was forced or threatened into signing the plea form because he was told he would receive 60 years in prison if he did not, upon

further questioning from the trial court, he stated that he was not forced or threatened into entering the plea agreement, that he believed the agreement was in his best interest, and that he made up his own mind. (*Id.*, pp. 31-32.)

Davis's sworn statements at the change of plea hearing are presumed to be true, and he has not shown that they were inaccurate. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (stating that a defendant's representations at a change of plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity").

Finally, the letter Davis references is attached to his postconviction motion. (Doc. 9-1, Ex. I, doc. pp. 18-82.) It consists of Davis's self-serving claims that the police pressured State witnesses to implicate Davis. (*Id.*) In the light of the preparations counsel undertook for trial and the nature of the letter, Davis fails to show that counsel performed deficiently by not conducting further investigation based on the letter's content. Davis does not show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. He is not entitled to relief on Ground One.

Ground Four[3]

Davis contends that new evidence shows his actual innocence. He presents a sworn affidavit of the government's witness Dominic Shores executed on February 8, 2018. The affidavit states that the investigating officer pressured Shores and another witness, Travis Floughter, to make false statements implicating Davis. (Doc. 1-1.)

A freestanding claim of actual innocence is not cognizable in a federal habeas proceeding. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Collins v. Sec'y, Dep't of Corr.*, 809 F. App'x 694, 695 (11th Cir. 2020) (stating that a freestanding actual innocence claim is not cognizable in a § 2254 proceeding); *Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1272 (11th Cir. 2010) ("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases." (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007))).

Further, to the extent Davis alleges that the state court erred in applying the state law standard for newly discovered evidence claims when it rejected his postconviction

---

[3] Davis's original petition contained Grounds Two and Three. He abandons Grounds Two and Three in his amended petition. (Doc. 12, pp. 6-7.)

claim, his argument raises no federal issue and is likewise not cognizable on federal habeas review. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). Finally, Davis mentions *Strickland* and the Sixth Amendment but presents no readily ascertainable argument that counsel was ineffective regarding the alleged claim of newly discovered evidence. Accordingly, Davis is not entitled to relief on Ground Four.

## V.   CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Davis must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Davis has not made the requisite showing. Finally, because Davis is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Davis's Amended Petition for Writ of Habeas Corpus, (Doc. 12), is **DENIED**. The **CLERK** is directed to enter judgment against Davis and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 24, 2023.

Kathryn Kimball Mizelle
United States District Judge